UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **MAG. NO. 19-275 (GMH)** |
| | : | |
| **BIJAN GRAY,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E), 18 U.S.C. § 3142 (d)(1)(A)(iii) and 18 U.S.C. § 3142 (f)(2)(A) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I. Procedural History

At the initial appearance on November 7, 2019, the government orally moved for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, which was granted by the Court. The Court set a detention hearing for Wednesday, November 12, 2019. On November 11, 2019, the grand jury returned an indictment charging the defendant with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1).

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). The parties may proceed by way of proffer and hearsay is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. Therefore, the defendant should be detained. *See* 18 U.S.C. § 3142(e)(1).

### A. Nature and Circumstances of the Offenses Charged

On November 6, 2019 at approximately 10:03 p.m., officers from the Metropolitan Police Department (MPD) 5th District Crime Suppression Team (CST) were on patrol in the 1100 block

of 21st Street, NE in Washington, D.C. when they observed the defendant, Bijan Gray, riding a bicycle. Officers recognized the defendant and knew that he had an outstanding warrant from the U.S. Marshals Service, issued on September 16, 2019. Officers stepped out of their vehicle and the defendant immediately ran toward the 2100 block of M Street, NE.

Officer Nguyen and Officer Marsh pursued the defendant on foot. Officer Nguyen did not lose sight of the defendant. Officer Nguyen observed the defendant clutching his waistband and voiced over the radio that the defendant may be armed. The defendant ran into the rear alley of the 2200 block of M Street NE. As Officer Nguyen caught up to the defendant, he observed the defendant make a tossing motion toward a fence. Officer Nguyen stopped the defendant next to this fence.

Officers canvassed the yard on the other side of the fence and located a firearm in the yard of that location, which is identified as 2213 M Street NE. The firearm was a few feet from the fence and appeared dry and clean. The home at 2213 M Street NE was boarded up and it did not appear that anyone was living there. The firearm was recovered on the other side of the fence from where Officer Nguyen observed the defendant making the tossing motion toward the fence. The firearm recovered is a Taurus PT111 9mm handgun with serial number TFU81363. At the time it was recovered, it was loaded with one (1) round in the chamber and eleven (11) rounds in a 12-round magazine.

The defendant was placed under arrest. During a search incident to the defendant's arrest, Officer Nguyen located a Champion brand satchel on the defendant's person. The defendant was wearing the satchel on his back underneath his jacket. Inside of the satchel, was an extended/high capacity magazine. The magazine was loaded with twenty-five (25) rounds of 9mm ammunition.

The magazine recovered from the defendant's person was of the same caliber – 9mm – as the firearm recovered from the other side of the fence.

### B. Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is quite strong. The defendant took unprovoked flight from law enforcement officers who sought his arrest pursuant to an active U.S. Parole Commission warrant. Upon seeing the officers, the defendant attempted to flee and discarded a loaded firearm along his flight path. MPD officers were able to stop the defendant near the area of the toss and recover the firearm from the area where the defendant was observed making the toss. The firearm was loaded with one (1) round in the chamber and eleven (11) rounds in a 12-round magazine. The defendant was also carrying a satchel containing a loaded high capacity magazine, which matched the firearm that he tossed. In total, the defendant had approximately thirty-seven (37) rounds of ammunition. The incident was also captured on body worn camera footage.

### C. The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention. The nature of the defendant's criminal conduct has remained completely undeterred as evidenced by the defendant being charged by indictment with his sixth felony offense involving a firearm – this time while on supervision. The defendant has the following prior convictions:

- Assault With a Dangerous Weapon – Gun (Washington, D.C., 2016)
- Carrying a Pistol Without a License (Washington, D.C., 2011)

The government further directs the Court's attention to additional information contained on pages 4 and 5 of the defendant's Pretrial Services Agency report, which greatly concerns the government and is relevant to the Court's analysis in this matter. The government submits that the defendant should not be released.

### D.     Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. At the time of the charged offense, the defendant was (and remains) on supervised probation the following matter: D.C. Superior Court case number 2015 CF3 9022, in relation to a conviction for Assault With a Dangerous Weapon – Gun. Notably, the defendant incurred that case while on supervision in case number 2011 CF2 11694, in relation to a conviction for Carrying a Pistol Without a License. As a result, the defendant's supervision was revoked to incarceration on August 3, 2016.

The defendant's supervision in the ADW case began on May 29, 2018, and is scheduled to end on May 29, 2021. According to the Pretrial Services Agency Report, the defendant has been grossly non-compliant in the case. Specifically, on March 18, 2019, the defendant was reinstated to supervision after being revoked to incarceration, for the second time. Since then, the defendant has missed five (5) appointments for drug testing and has tested positive for illicit substances on five (5) occasions. Those illicit substances include cocaine, amphetamines and marijuana. Further, the defendant has incurred GPS violations on six (6) occasions. These numerous infractions were the basis for the parole warrant that was pending and subsequently executed at the time of the defendant's arrest. For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### E. There is No Condition or Combination of Conditions that Would Ensure the Defendant's Appearance or Compliance with Court-Ordered Release Conditions

The defendant has a history of failing to comply with court-ordered supervision, as set forth in detail above. Additionally, at the time of the charged offense the defendant was the subject of a parole warrant, which detailed his abscondence and failure to report to his supervising officer. The defendant's poor record in this regard and specific conduct in the instance case make him a serious risk of flight and supports a finding he will continually circumvent the Court's efforts to reasonably control his behavior through conditions of release and keep the community safe.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By:  /s/
LISA NICOLE WALTERS
D.C. Bar No. 974-492
Assistant United States Attorneys
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-7499
E-mail: Lisa.Walters@usdoj.gov

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Ubong Akpan via the Electronic Case Filing (ECF) system, this 12th day of November, 2019.

                                            /s/
                                            Lisa N. Walters
                                            Assistant United States Attorney